UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VALDEZ, | Case No.: 1:11-cv-00883-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 18) |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on June 6, 2011. (Doc. 1). On June 8, 2011, the Petitioner filed his written consent to the United States Magistrate Judge for all purposes. (Doc. 5). On June 10, 2011, Respondent filed his written consent to the United States Magistrate Judge for all purposes. (Doc. 7).

**PROCEDURAL HISTORY**

On June 13, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 8). On August 11, 2011, Respondent filed the Answer. (Doc. 9). On September 20, 2011, Petitioner filed his Traverse. (Doc. 10). On August 28, 2013, the Court issued an order denying the petition on its merits, entering judgment, and closing the case. (Docs. 16 & 17). On August 28, 2013, Petitioner filed the instant motion for reconsideration, contending that the Court's decision failed to consider a recent Ninth Circuit case supporting Petitioner's contention. (Doc. 18). Petitioner has appealed the

denial of his petition to the Ninth Circuit; however, that Court has ordered that the appeal be held in abeyance pending resolution of the motion to reconsider. (Doc. 22). For the reasons set forth below, the Court will deny the motion for reconsideration.

## **DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Petitioner's primary basis for seeking reconsideration is his reliance on an unpublished decision of the Ninth Circuit in Arredondo-Virula v. Adler, 510 Fed. Appx. 581 (2013)(unpublished), in which a

three-judge panel, relying exclusively on the definition of "staff" contained 28 C.F.R. § 541.10(b)(1)(2010) as "any employee of the Bureau of Prisons ["BOP"] or Federal Prison Industries, Inc., " concluded that 28 C.F.R. § 500.1(b)'s language limiting disciplinary action to "institution staff" excludes employees of the contracting entity. Accordingly, the panel reversed the denial of the habeas corpus petition, and remanded the case to the district court with instructions to grant the petition and restore petitioner's lost credits. Id. at 582.

Arrendondo-Virula was decided on February 26, 2013. The Court issued its order denying the petition in this case on August 22, 2013, approximately six months after the Ninth Circuit's decision. During that half-year, Petitioner never submitted the case as supplemental authority or raised any argument based on that case. The Ninth Circuit panel itself noted that the case was unpublished and could not be cited as precedent except under limited circumstances.[1] None of those limited circumstances apply here, and, thus, that case is not precedent and not binding on this Court.

Moreover, in the Court's view, the Ninth Circuit panel adopted an unreasonably narrow and impractical reading of the relevant regulations in reaching its decision. The Court's August 22, 2013 order explained in depth why the Court concluded that the BOP had properly delegated to the contracting authority the power to hear and decide disciplinary cases. (Doc. 16, pp. 8-9). In reaching that decision, the Court examined the various regulations applicable to contract prisons as well as the contract language itself between the contractor operating Taft Correctional Institution ("TCI") and BOP. (Doc. 9, pp. 29-72). From the Court's analysis, it appears clear that the network of regulations was intended to permit the contractor's employees to conduct disciplinary hearings; indeed, to conclude otherwise would fly in the face of the entire regulatory scheme, the provisions of the BOP-TCI contract, and common sense.

Moreover, effective June 1, 2007, the BOP implemented a policy whereby the contracting authority at TCI would refer all disciplinary decision resulting in the disallowance or forfeiture or credits to a disciplinary hearing officer from the Privatization Management Branch ("PMB") of the

---

[1] Under Rule 36-3(a) of the Ninth Circuit Rules, unpublished dispositions and order of the Ninth Circuit are precedent only "when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

BOP. (Jimenez v. Benov, 1:13-cv-00821-AWI-JLT, Doc. 12, Ex. 1, at p. 28).[2] The Memorandum further explains that the PMB staff tasked with reviewing TCI's disciplinary decisions "will review the entire discipline file and make an independent decision regarding the contractor's recommendation. (Id.). If the BOP agrees with the TCI DOH's decision and sanctions, that decision will be certified and returned to TCI. (Id.). If not, the BOP will advise TCI, and TCI may make further recommendations. (Id.). Ultimately, however, the final decision regarding sanctions remains with the BOP. (Id.).

Here, it is uncontroverted that the TCI DHO had been trained and certified by BOP and that the hearing took place after the implementation of the guidelines and procedures set forth in the 2007 Memorandum. Moreover, the DHO's decision was reviewed by Donna Mellendick, Administrator with the PMB (Doc. 9 at 22) and Ms. Mellendick's decision was reviewed by Harrell Watts, Administrator with the National Inmate Appeals office. Id. at 27. This final review is the same review received by *all* federal inmates no matter whether they are housed at contract facilities or BOP-run institutions. (Jimenez v. Benov, 1:13-cv-00821-AWI-JLT, Doc. 12, Ex. 1, at p. 30).

Thus, in the Court's view, the totality of these circumstances, in conjunction with the multitude of regulations already considered by the Court and cited in the original order denying the petition, together provide compelling support for the position that either (1) BOP properly delegated its disciplinary authority to TCI and its employees in this case, and/or (2), BOP retained sufficient final disciplinary authority to comply with the definition of "staff" in 28 C.F.R. § 541.10(b)(1) for purposes of Petitioner's disciplinary hearing.[3]

---

[2] The Court may take judicial notice of its own cases and files. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Fed. R. Evid. § 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." In this instance, the Court judicially notices Exhibit 1 to the Answer by Respondent in Jimenez v. Benov, case no. 1:13-cv-00821-AWI-JLT, now pending before this Court and raising the same issues as those raised in the instant petition. Exhibit 1 is a March 30, 2007 memorandum issued by the BOP detailing its new policy of having BOP staff automatically review inmate disciplinary proceedings at privately operated facilities and setting out guidelines for training and certifying contract employees as hearing officers.

[3] The Court notes, as did the Ninth Circuit, that the restrictive definition of "staff" contained in 28 C.F.R. § 541.10(b)(1)(2010), is no longer in force and effect and, indeed, was eliminated on June 20, 2011. Arredondo-Virula, 510 Fed. Appx. at 582. According to the 2011 revisions, the inmate discipline program applies to all prisoners in BOP custody, including those held in a contracted facility. 28 C.F.R. § 541.2 (2011). The revisions also expanded the definition of a hearing officer to include anyone "who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b). Accordingly, the narrow view taken by the Arredondo-Virula panel could only be applicable to a narrow spectrum of disciplinary hearings that occurred before June 20, 2011.

In sum, Petitioner has provided no reasons that satisfy the requirements of Rule 60(b), and, hence, his motion for reconsideration must be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 18), is DENIED.

IT IS SO ORDERED.

Dated:   **September 26, 2013**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE